U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 21 2003
AT ____ O'CLOCK ____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

J.C. PENNEY CORPORATION, INC.,

Plaintiff,

-against-

CAROUSEL CENTER COMPANY, L.P.,

Defendant.

**AFFIDAVIT OF J. MICHAEL NAUGHTON**

Civil No.: 02-CV-1360 (HGM/DEP)

36

STATE OF NEW YORK )
)ss:
COUNTY OF ALBANY )

J. MICHAEL NAUGHTON, being duly sworn, states:

1. I am a member of the law firm of Shanley, Sweeney, Reilly & Allen, P.C., attorneys for Defendant Carousel Center Company, L.P.

2. I make this affidavit in support of Defendant's motion for an order:

(1) dismissing the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure;

(2) granting summary judgment dismissing the Amended Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure; or

(3) alternatively, staying any further proceedings pending the conclusion of the Article 4 and Article 5 proceedings in state court pursuant to the New York Eminent Domain Proceedings Law ("EDPL"); and

(4) staying discovery in this proceeding pending (A) the determination of this motion; and/or (B) the conclusion of the EDPL, Article 5 proceedings in state court.

3. This Affidavit is based on my personal knowledge.

**BACKGROUND**

4. This motion is accompanied by an Appendix of Exhibits containing the pleadings, the Lease between Plaintiff and Defendant, and relevant documents from the related condemnation proceedings.

5. This action arises out of a lease between Carousel and J.C. Penney regarding the Carousel Center shopping center in Syracuse, New York, and the condemnation proceedings commenced by the City of Syracuse Industrial Development Agency ("SIDA") in 2002 in connection with the DestiNY USA project. (Amended Complaint ¶¶ 1-2).

6. J.C. Penney challenged SIDA's determination to acquire the "Consent Provisions" (see Amended Complaint ¶¶ 10-13) of its Lease in state court prior to commencing this action in federal court. (Amended Complaint ¶ 22).

7. J.C. Penney's case against SIDA, The Pyramid Companies, and Carousel was dismissed on the merits. (Amended Complaint ¶ 24). See J.C. Penney Corp. v. City of Syracuse Indus. Dev. Agency, 301 A.D.2d. 305, 749 N.Y.S.2d 195 (4th Dept. 2002), appeal dismissed, 99 N.Y.2d 609, 757 N.Y.S.2d 819, 787 N.E.2d 1165 (2003).

**PROCEDURAL HISTORY**

8. On October 24, 2002, J.C. Penney commenced this action by filing a Summons and Complaint.

9. J.C. Penney did not seek a temporary restraining order when it commenced the action. To date, no application for a preliminary injunction has been filed.

10. On November 8, 2002, the parties (Carousel and J.C. Penney) signed a Stipulation that was "so ordered" by this Court and filed on November 14, 2003. (Amended Complaint ¶ 33). The Stipulation and Order permitted construction activities--installation of pilings--to continue in the parking lot of Carousel Center Mall under certain conditions. (Amended Complaint ¶ 34).

11. On February 6, 2003, Carousel served its Answer in this case.

12. On April 11, 2003, J.C. Penney filed an Amended Complaint in this case. The Amended Complaint contains two causes of action:

(A) The first cause of action seeks an injunction, "enjoining any construction of DestiNY USA, which is inconsistent with [J.C. Penney's] rights under the Lease, unless and until J.C. Penney consents to such modifications in accordance with the Lease and enjoining any other acts by Carousel to procure and/or pay for the proposed condemnation by SIDA. (Amended Complaint ¶ 50).

(B) The second cause of action seeks damages "in excess of $75,000" for Carousel's alleged breach of the Lease. (Amended Complaint ¶¶ 58-59).

13. On May 27, 2003, Carousel served its Answer to the Amended Complaint.

14. Except for the exchange of amended pleadings and the execution and filing of the Stipulation and Order, this action has remained dormant since it was commenced on October 24, 2002. As of September 22, 2003 (the date of this motion), Plaintiff had not served any discovery demands on Defendant.

15. The Companion case filed by Kaufmann's and Lord & Taylor (Appendix, Exhibit 5 [Exhibit B] also has remained dormant after the Supreme Court of the State of New York (Hon. John

V. Centra, presiding) dismissed Kaufmann's claim for an injunction. That order was not appealed, and the time to do so has now expired.

**STATUS OF "CONSTRUCTION"**

16. The "construction activity" that apparently prompted J.C. Penney to seek an injunction in federal court was limited to driving piles and ceased in November, 2002. (Van Alstyne Affidavit ¶ 11).

17. As explained in the Affidavit of Jason Van Alstyne, the pilings that were driven into the parking lot of Carousel Center Mall in the Fall of 2002, were paved over, and all piling equipment has been removed from the Mall site. The parking lot, and the entire Carousel Center Mall, is in substantially the same condition now as it was prior to the piling activities. (Van Alstyne Affidavit).

**REQUEST FOR STAY OF DISCOVERY**

18. On August 22, 2003, the parties advised Magistrate Judge David E. Peebles of the status of this case. Carousel informed the Court that Carousel intended to file a dispositive motion for dismissal of the Amended Complaint on various grounds, including abstention. Carousel also requested a stay of discovery pending the filing and determination of the motion. Although Magistrate Judge Peebles did not, at that time, grant a stay of discovery, Carousel was provided an opportunity to proceed with a motion seeking such relief within thirty (30) days of the conference (i.e., prior to September 22, 2003). (See Exhibit A to this Affidavit).

19. To date, J.C. Penney has not served any discovery demands, but J.C. Penney has made it clear that it will not consent to a stay of discovery while the motion is pending. (See Exhibit B to this Affidavit).

20. Carousel is requesting a stay of discovery and/or protective order pending the determination of this motion because the motion seeks dismissal of all claims, and the discovery outlined by J.C. Penney during the conference call with Magistrate Judge Peebles would be burdensome and wasteful. Upon information and belief, all material facts needed to decide this dispositive motion are not in dispute. If the motion is unsuccessful, there will be no prejudice to J.C. Penney.

21. Carousel is also requesting a stay of discovery in the event the Court determines to grant the motion for an order dismissing the claim for injunctive relief (first cause of action), but retains jurisdiction of the damages claim. If the claim for damages is stayed pending a determination in the Article 5 stage of the condemnation proceedings (see EDPL, § 501, *et. seq.*), any discovery needed by J.C. Penney should await an award of damages in state court.

**STATUS OF CONDEMNATION PROCEEDINGS**

22. To date, SIDA has not filed a petition, pursuant to Article 4 of the Eminent Domain Proceedings Law, to acquire any interest in J.C. Penney's Lease regarding Carousel Center Mall, although SIDA is authorized to commence a proceeding pursuant to Article 4 (EDPL § 402(B)) in the future.

**CONCLUSION**

23. For the reasons set forth in Defendant's moving papers, Carousel respectfully requests that the Court enter an order granting the relief requested in the Notice of Motion, including a stay of discovery pending the determination of this motion.

J. Michael Naughton

Sworn to before me this
22nd day of September, 2003

Lori-Ann Schrom

Notary Public
11356\092203-jmn-affidavit.wpd

LORI-ANN SCHROM
Notary Public, State of New York
Qualified in Albany County
No. 5060306
Commission Expires May 20, 2006

SHANLEY, SWEENEY, REILLY & ALLEN, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
THE CASTLE AT TEN THURLOW TERRACE
ALBANY, NEW YORK 12203

(518) 463-1415
FAX (518) 463-3210

WEB SITE: WWW.SHANLEYSWEENEY.COM

MICHAEL P. SHANLEY
ROBERT L. SWEENEY*
J. STEPHEN REILLY
JOHN L. ALLEN*
GREGORY D. FAUCHER†
J. MICHAEL NAUGHTON
DAVID C. KURACINA
THOMAS A. SHEPARDSON
MARK T. SWEENEY
CHRISTOPHER E. BUCKEY
JENNIFER L. TAYLOR
LISA A. SCHRYER
ANDREW A. BARNA, JR.
DOUGLAS R. KEMP*

*ALSO ADMITTED IN MASSACHUSETTS
†ALSO ADMITTED IN FLORIDA

jmnaughton@shanleysweeney.com

August 22, 2003

Edward F. Premo, II, Esq.
Harter, Secrest & Emery, LLP
1800 Baush & Lomb Place
Rochester, New York 14604-2711

Re: J.C. Penney v. Carousel Center
Docket No.: 5:02-CV-1360

Dear Mr. Premo:

This will confirm the relevant points of the conference call with Magistrate Judge David Peebles on August 22, 2003:

1. Plaintiff will initiate a conference call on October 8, 2003 at 2:00 p.m. to discuss the status of this case.

2. Defendant will serve its voluntary disclosure pursuant to FRCP Rule 26(a)(1) on or before September 22, 2003.

3. There is no order staying discovery at this time, but Defendant has been authorized to serve a motion seeking a stay of discovery to be heard either by Hon. Howard Munson or Magistrate Peebles.

4. Provided Defendant serves its motion for a stay prior to September 22, 2003, the parties will not be required to respond to any discovery (or appear for depositions) until after the motion for a stay has been decided. This does not preclude the parties from serving discovery demands.

**EXHIBIT A**

5. The parties will confer regarding a briefing schedule; Defendants intend to file a dispositive motion to dismiss the Amended Complaint, or, at a minimum, stay the case pending completion of the EDPL Article 5 stage of the state court condemnation proceedings.

Very truly yours,

SHANLEY, SWEENEY, REILLY
& ALLEN, P.C.

J. Michael Naughton

JMN/las
cc: David C. Kuracina, Esq.

HS&E

HARTER · SECREST & EMERY · LLP
ATTORNEYS AND COUNSELORS
WWW.HSELAW.COM

August 27, 2003

J. Michael Naughton, Esq.
Shanley, Sweeney, Reilly & Allen, P.C.
The Castle at Ten Thurlow Terrace
Albany, NY 12203

Re: J.C. Penney v. Carousel Center
Docket No. 5:02-CV-1360

Dear Michael:

I am in receipt of your letter dated August 22, 2003 which was sent "[to] confirm the relevant points of the telephone conference with Magistrate Judge David Peebles". Please note that my recollection of the conference call with Magistrate Peebles differs with respect to item "4." of your letter. I do not recall Magistrate Peebles making any statements or ruling that a party's response to a discovery request was not required "until after the motion for a stay has been decided". Please note that Magistrate Peebles did file as part of the official docket of this matter a memorandum of the telephone conference. I have enclosed a copy for your information. Magistrate Peebles' memorandum does not indicate any direction that no discovery responses would be required "until after the motion for a stay has been decided".

Please feel free to contact me if you have any questions.

Very truly yours,

HARTER, SECREST & EMERY LLP

Edward F. Premo, II
DIRECT DIAL: 585-231-1192
E-MAIL: EPREMO@HSELAW.COM

EFP:mme
cc: Celeste d. Flippen, Esq.

**EXHIBIT B**

(28)

AUGUST 22, 2003 SYRACUSE, NY
HON. DAVID E. PEEBLES, PRESIDING

TIME: 10:00 am - 10:30 am

CLERK: SHELLY LAZZARO

J.C. PENNEY CORP.
vs.
CAROUSEL CENTER COMPANY

5:02-CV-1360 (HGM/DEP)

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 22 2003
AT ____ O'CLOCK ______
Lawrence K. Baerman, Clerk - Syracuse

*Appearances:*

For Pltf: Harter Secrest Law Firm by: Edward F. Premo, Esq.

Celeste Flitpen, Esq. (in-house counsel)

For Defts: Shanley, Sweeney Law Firm by: Michael Naughton, Esq.

---

**TC:** Atty. Naughton requests Pltf. to withdraw or stay proceedings. Atty. Premo & Atty. Flitpen both object to this request. Atty. Naughton advises that Defts. will be filing a Rule 12(c) motion. Atty. Premo states that Pltf. has served disclosures, but the Defts. have not. After hearing lengthy arguments from both sides, Judge permits discovery to go forward as to breach of contract claims principally, but not exclusively. Defts. are to provide 26(a)(1) documents w/in 30 days from today's date. Judge will not alter schedule right now, however, he relieves parties of the requirement of expert and witness disclosures. Judge will not stay discovery and service of interrogatories will not be prohibited. Judge gives Atty. Naughton permission to make a formal motion to stay the proceedings which is to be made returnable before Judge Peebles on a regular motion day. However, if dismissal of Pltf's. claims is included in this, then this motion is to be made returnable before Judge Munson. Next TC is scheduled for 10/8/03 at 2:00 p.m.. Pltf. is to initiate the call.