UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF NEW YORK
_____

J.C. PENNEY CORPORATION, INC.,

                Plaintiff,

      v.                           5:02-CV-1360 (HGM/DEP)

CAROUSEL CENTER COMPANY, L.P.,

                Defendant,
_____

APPEARANCES:                          OF COUNSEL:

CELESTE D. FLIPPEN, ESQ.
Attorney for Plaintiff
J.C. Penny Corporation
6501 Legacy Drive
Plano, TX  75024-1133

HARTER, SECREST & Emery LLP        EDWARD F. PREMO, ESQ.
Attorneys for Plaintiff                   KIMBERLY  I. SHIMOMURA, ESQ.
1600 Bausch & Lomb Place
Rochester, New York 14604

DEVORSETZ, STINZIANO, GILBERTI    KEVIN C. MURPHY, ESQ.
HEINTZ & SMITH                         TIMOTHY J. LAMBRECHT, ESQ.
Attorneys for Defendant
444 East Genesee Street
Syracuse, New York 13202-2159

HOWARD G. MUNSON, SR. J.


MEMORANDUM  DECISION AND ORDER


      The facts of the underlying dispute are set forth in this court's previous decision in this case, denying  Defendant's motion for summary judgment, and staying discovery requests. Familiarity therewith is assumed. See J.C. Penney Corporation, Inc. v. Carousel Center Company, L.P., 306 F.

Supp.2d 274 (N.D.N.Y. 2004)

Six motions are currently before the court. On November 30, 2005, Plaintiff and Defendant made cross motions for summary judgment. Dock. #129 and #131.

Thereafter, Defendant filed the following motions, on November 30, 2005, to preclude Plaintiff from offering the report of its expert H. Steven Evans, Dock. # 132; on December 23, 2005, to strike the Attorneys Affidavit of Plaintiff's Attorney, Edward F. Premo II, Esq., dated November 28, 2005, Dock. # 134; on December 29, 2005, to strike the affidavits of Plaintiff's Attorney Edward F. Premo, II, Esq. dated December 22, 2005, and Attorney Declaration of Kimberly L. Shimomura, Esq., dated December 14, 2005. Dock. # 143; and, on January 9, 2006, to strike the Reply to Response to Motion/Reply Affidavit of Edward F. Premo,II, and for Attorneys Fees, Dock. # 147.

Summary judgment is appropriate, of course, only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Matsushita Electric Industry Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 586-87 (1986).

In determining these motions, the Court has taken into account the materials submitted by the parties, and, Plaintiff's version of events (unsurprisingly) differs substantially from Defendant's. After due and careful consideration, the conclusion reached was that material issues of fact are still in dispute concerning the central issues in this matter.

The inferences to be drawn from the facts as they appear on the face of the current record do not support the granting of summary judgment in favor of either side. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed.2d, 8 L. Ed.2d 176 (1962).

Accordingly, Plaintiff's and Defendant's cross motions for summary judgment are **DENIED;** Defendant's motions to preclude Plaintiff from offering the report of it expert H. Steven Evans is **DENIED**; to strike the Attorneys Affidavit of Plaintiff's Attorney, Edward F. Premo II, Esq., dated November 28, 2005 is **DENIED;** to strike the affidavits of Plaintiff's Attorney Edward R. Premo, II, Esq., dated December 29, 2005, and Attorneys Declaration of Kimberly L. Shimomura, Esq., dated December 14, 2005, is **DENIED**; and, on January 9, 2006, to strike the Reply to Response to Motion/ Reply Affidavit of Edward F. Premo, II, and for Attorneys fees, is **DENIED.**

Parties are further directed to forthwith contact the Chambers of the Hon. David E. Peebles, USMJ and schedule a pretrial / settlement conference for the discussion of all relevant pretrial issues.

IT IS SO ORDERED

    Dated: January 24, 2008
          Syracuse, New York

*/s/ Howard G. Munson*
Howard G. Munson
Senior U.S. District Judge