HS&E

HARTER • SECREST & EMERY • LLP
ATTORNEYS AND COUNSELORS

March 4, 2008

**VIA ELECTRONIC FILING**

The Honorable Frederick J. Scullin, Jr.
Senior United States District Judge
United States District Court
Northern District of New York
100 South Clinton Street
P.O. Box 7255
Syracuse, New York 13261-7255

**Re: J.C. Penney Corporation, Inc. v. Carousel Center Company, L.P.**
**CIV. No. 5:02-CV-1360 (FJS) (DEP)**

Dear Judge Scullin:

We represent J.C. Penney Corporation, Inc. ("JCPenney") in the above-referenced matter. This letter is sent in connection with defendant Carousel Center Company, L.P.'s ("Carousel") motion for reconsideration. We received Carousel's Reply Memorandum of Law yesterday, which contains false statements and presents new arguments not previously raised in its motion papers. We respectfully request that the Court consider the remarks contained in this letter, which correct Carousel's misstatements and respond to Carousel's new arguments.

First, Carousel, as the movant, bears the heavy burden of proving that it is entitled to reconsideration of Judge Munson's 2008 Decision because (1) Judge Munson committed a clear error of law and (2) new evidence is available that was not previously available. *Lust v. Joyce,* 2007 U.S. Dist. LEXIS 83555, *2-*3 (2007) (Appendix B to JCPenney's Response Memorandum of Law).

Carousel cannot meet this burden. In its Reply Memorandum of Law, Carousel admits that it presented Judge Munson with its argument regarding *Dolman v. United States Trust Company of New York,* 2 N.Y.2d 110, 157 N.Y.S.2d 537 (1956) in its summary judgment motion papers. Carousel's Reply MOL, p. 2. Carousel also admits that the facts that it presented on this motion are not new. Carousel's Reply MOL, p. 6. As a matter of law, Carousel is not entitled to reconsideration of Judge Munson's 2008 Decision because it cannot meet its burden to show that Judge Munson committed a clear error of law or that new facts exist. Carousel's motion for reconsideration is nothing more than a disagreement with Judge Munson's decision, which is not a ground to reconsider such decision.

Carousel attempts to deflect attention from its failure to meet its burden by arguing that while it presented Judge Munson with its *Dolman* arguments, Judge Munson must not have considered the case because he did not discuss the case in his decision. Carousel's Reply MOL, p. 1-2. Carousel did not cite any precedent showing that this argument entitles it to reconsideration because none exists. *Id.* Motions for reconsideration would be submitted constantly if a litigant was entitled to reconsideration simply because the judge did not discuss a particular case in his or her decision.

Second, in footnote 2 Carousel argues that JCPenney's inducement claim must not be legally cognizable because other anchor tenants have not submitted similar claims. Carousel's MOL, p. 4, n. 2. The fact that other anchor tenants at the Carousel Mall have not yet filed breach of contract complaints

TWELVE FOUNTAIN PLAZA, SUITE 400 BUFFALO, NEW YORK 14202-2293 PHONE: 716.853.1616 FAX: 716.853.1617

ROCHESTER, NEW YORK • BUFFALO, NEW YORK • ALBANY, NEW YORK • NAPLES, FLORIDA • NEW YORK, NEW YORK

against Carousel simply has no bearing on whether Carousel is entitled to reconsideration or whether JCPenney's inducement claim has merit. Carousel's argument also overlooks the possibility that other anchor tenants could file such claims in the future.

Third, Carousel argues that JCPenney has a condemnation clause in its lease, which governs JCPenney's rights in connection with the City of Syracuse Industrial Development Agency's ("SIDA") taking. Carousel's Reply MOL, p. 5. Carousel also made this argument in its 2003 motion for summary judgment, which Judge Munson found unpersuasive. Carousel's Reply Memorandum of Law, dated November 20, 2003, CM/ECF Docket Item No. 47, pp. 5-6; Decision, dated February 2004, CM/ECF Docket Item No. 61.

Fourth, Carousel argues JCPenney has never identified the damages that it seeks in this action. Carousel's Reply MOL, pp. 7-10. This statement is simply false. In its Response Memorandum of Law, JCPenney clearly identified categories of damages that it is seeking. JCPenney's Response MOL, pp. 10-11, 16-19. JCPenney also referenced the memorandum of law that it submitted in opposition to Carousel's 2003 motion for summary judgment showing that it has previously set forth these damages. JCPenney's Response MOL, pp. 10-11, CM/ECF Docket Item No. 42. Carousel's statement that JCPenney "did not identify the damages it actually seeks by this proceeding" is patently false. Carousel's MOL, p. 7.

Carousel also argues that "JCPenney has not articulated what monetary damages it seeks at trial that are not compensable by its EDPL Article 5 damages claim." Carousel's Reply MOL, p. 7. Again, this statement is false. In its Response Memorandum of Law, JCPenney explained to the Court that New York case law prohibits the recovery of certain types of damages in EDPL Article 5 proceedings, which include loss/obstruction of view, reduction of passing traffic, and loss of business/good will. JCPenney's Response MOL, p. 16-17. In this matter, JCPenney simply seeks to recover for the damage that Carousel caused by its breach of contract that JCPenney cannot recover in the EDPL Article 5 proceeding.

Finally, Carousel argues that as a matter of law JCPenney cannot obtain an injunction preventing Pyramid Company of Onondaga ("Pyramid") from assisting with and paying for SIDA's condemnation of JCPenney's lease rights. Carousel's Reply MOL, p. 8. As Carousel knows, the distinction (or lack thereof) between Carousel and Pyramid is a hotly contested issue of fact in this action despite the fact that in 2004 Judge Munson stated "Pyramid, either directly or through affiliates, owns or controls Carousel Center Company, L.P." Decision, dated February 2004, CM/ECF Docket Item No. 61, p. 2. Carousel has provided no ground to reconsider Judge Munson's 2008 Decision as to this issue.

For the reasons discussed above, JCPenney respectfully requests that this Court consider this submission and deny Carousel's motion for reconsideration.

Thank you for your consideration of this matter.

Very truly yours,

HARTER, SECREST & EMERY LLP

/Kimberly I. Shimomura/

Kimberly I. Shimomura
DIRECT DIAL: 716-845-4238
E-MAIL: KSHIMOMURA@HSELAW.COM

cc: Timothy J. Lambrecht, Esq. (all via electronic filing)
Lisa DiPoala Haber, Esq.
William J. Gilberti, Esq.
Edward F. Premo, II, Esq.
Celeste d. Flippen, Esq.